KAREN P. HEWITT
United States Attorney

THOMAS STAHL
Assistant U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
(619) 557-5610, ext. 7462

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, MO Bar No. 43895
Assistant Chief
RICKEY D. TURNER, JR., CO Bar No. 38353
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0388 (tel)
(202) 305-0275 (fax)
lisa.russell@usdoj.gov

Attorneys for Federal Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN SAND ASSOCIATION, a non-profit corporation; OFF-ROAD BUSINESS ASSOCIATION, a non-profit corporation; SAN DIEGO OFF-ROAD COALITION, a non-profit corporation, AMERICAN MOTORCYCLE ASSICIATION DISTRICT 37, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE, DIRK KEMPTHORNE, Secretary of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>Defendants. | Case No. 3:08cv-1034-MLH-JMA<br><br>**FEDERAL DEFENDANTS' MOTION TO DISMISS**<br><br>Date: September 15, 2008<br>Time: 10:30 a.m.<br>Courtroom: 13<br><br>***Oral Argument Waived*** |

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Federal Defendants hereby move to dismiss Plaintiffs' Complaint fo Declaratory and Injunctive Relief for lack of subject matter jurisdiction.

As is explained in detail in the accompanying Memorandum of Points and Authorities, Plaintiffs' claims for injunctive and declaratory relief have been rendered moot, thus depriving this Court of subject matter jurisdiction to hear either of Plaintiffs' two claims for relief.

As stated in the accompanying Notice of Motion, Federal Defendants do not request oral argument on this motion but have obtained a hearing date of September 15, 2008, should the Court find that oral argument is necessary.

Dated: August 13, 2008

Respectfully submitted,

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Chief

s/ *Lisa Lynne Russell*
LISA L. RUSSELL, Assistant Chief
MO Bar No. 43895
RICKEY DOYLE TURNER, JR.
Trial Attorney
CO Bar No. 38353
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0388
Fax: (202) 305-0275
Email: lisa.russell@usdoj.gov

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I, Lisa Russell, hereby certify that on this 13th day of August 2008, I caused a true and correct copy of the foregoing Motion to Dismiss to be served on the following by means of filing an electronic copy with the Court's electronic filing system:

DAVID P. HUBBARD
Gatzke, Dillon & Ballance, LLP
1525 Farady Avenue, Suite 150
Carslbad, CA 92008
760-431-9501 (phone)
760-431-9512 (fax)
dhubbard@gdandb.com

*s/ Lisa Lynne Russell*
Lisa Lynne Russell
lisa.russell@usdoj.gov

KAREN P. HEWITT
United States Attorney

THOMAS STAHL
Assistant U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
(619) 557-5610, ext. 7462

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, MO Bar No. 43895
Assistant Chief
RICKEY D. TURNER, JR., CO Bar No. 38353
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0388 (tel)
(202) 305-0275 (fax)
lisa.russell@usdoj.gov

Attorneys for Federal Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN SAND ASSOCIATION, a non-profit corporation; OFF-ROAD BUSINESS ASSOCIATION, a non-profit corporation; SAN DIEGO OFF-ROAD COALITION, a non-profit corporation, AMERICAN MOTORCYCLE ASSICIATION DISTRICT 37, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE, DIRK KEMPTHORNE, Secretary of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>Defendants. | Case No. 3:08cv-1034-MLH-JMA<br><br>**NOTICE OF FEDERAL DEFENDANTS' MOTION TO DISMISS**<br><br>Date: September 15, 2008<br>Time: 10:30 a.m.<br>Courtroom: 13<br><br>***Oral Argument Waived*** |

To all Parties and Counsel, please take notice:

On September 15, 2008, or as soon thereafter as is convenient with the Court, Federal Defendants will move to dismiss Plaintiffs' Complaint fo Declaratory and Injunctive Relief.

Federal Defendants do not request oral argument on their motion to dismiss, but have obtained a hearing date of September 15, 2008, should the Court find that oral argument is necessary.

Dated: August 13, 2008

Respectfully submitted,

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Chief

s/ Lisa Lynne Russell

LISA L. RUSSELL, Assistant Chief
MO Bar No. 43895
RICKEY DOYLE TURNER, JR.
Trial Attorney
CO Bar No. 38353
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0388
Fax: (202) 305-0275
Email: lisa.russell@usdoj.gov

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I, Lisa Russell, hereby certify that on this 13th day of August 2008, I caused a true and correct copy of the foregoing Notice of Motion to Dismiss to be served on the following by means of filing an electronic copy with the Court's electronic filing system:

DAVID P. HUBBARD
Gatzke, Dillon & Ballance, LLP
1525 Farady Avenue, Suite 150
Carslbad, CA 92008
760-431-9501 (phone)
760-431-9512 (fax)
dhubbard@gdandb.com

*s/ Lisa Lynne Russell*
Lisa Lynne Russell
lisa.russell@usdoj.gov

KAREN P. HEWITT
United States Attorney

THOMAS STAHL
Assistant U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
(619) 557-5610, ext. 7462

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, MO Bar No. 43895
Assistant Chief
RICKEY D. TURNER, JR., CO Bar No. 38353
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0388 (tel)
(202) 305-0275 (fax)
lisa.russell@usdoj.gov

Attorneys for Federal Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN SAND ASSOCIATION, a non-profit corporation; OFF-ROAD BUSINESS ASSOCIATION, a non-profit corporation; SAN DIEGO OFF-ROAD COALITION, a non-profit corporation, AMERICAN MOTORCYCLE ASSICIATION DISTRICT 37, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE, DIRK KEMPTHORNE, Secretary of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>Defendants. | Case No. 3:08cv-1034-MLH-JMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS**<br><br>Date: September 15, 2008<br>Time: 10:30 a.m.<br>Courtroom: 13<br><br>***Oral Argument Waived*** |

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants, Dirk Kempthorne, Secretary of the United States Department of the Interior, the United States Fish and Wildlife Service (collectively "Service"), move to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. The administrative finding that Plaintiffs seek to compel in this action was issued on July 17, 2008, thus rendering this action moot.

## INTRODUCTION

On June 10, 2008, Plaintiffs filed this action for declaratory and injunctive relief to compel the Service to issue a 12-month finding on their petition to have the Pierson's Milk-vetch, a plant, removed from the federal list of threatened and endangered species. The Service issued the finding on Plaintiffs' petition on July 17, 2008. See 12-Month Finding on Petition to Delist Peirson's Milk-vetch, 73 Fed. Reg. 41,007-02 (Jul. 17, 2008). Because the Service has taken the action this suit sought to compel, there is no longer any effective relief this court can grant. Therefore, the Court should therefore dismiss Plaintiffs' complaint in its entirety.

## BACKGROUND

### A. Statutory and Regulatory Background

Congress enacted the Endangered Species Act ("ESA" or "the Act"), 16 U.S.C. §§ 1531-1544, in 1973 "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved" and "to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b). Section 4 of the ESA directs the Secretary[1]/ to determine which species should be listed as endangered or threatened.[2]/ 16 U.S.C. § 1533. A species may be "listed" or "delisted" as endangered or threatened either on the initiative of the Secretary or as a result of a citizen petition.

---

[1]/ Section 4 of the ESA provides that the Secretary of the Interior is responsible for administering the ESA with respect to terrestrial (i.e., non-marine) species. 16 U.S.C. §§ 1532(15), 1533(a)(2). The Secretary has delegated this authority to the Service.

[2]/ The ESA states that a species is endangered if it is "in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A species is threatened if it "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532(20).

With respect to citizen petitions, section 4(b)(3)(A) of the ESA, 16 U.S.C. § 1533(b)(3)(A), provides that any interested person may petition the Secretary to add a species to, or remove a species from, the list of endangered and threatened species. The Secretary is then required to determine whether the petition presents "substantial scientific or commercial information" indicating that the petitioned action may be warranted. Id. The ESA specifies that the Secretary is required to make that preliminary finding – known as the "90-day finding" – within 90 days of receiving the petition, "[t]o the maximum extent practicable . . . ." Id.

In the event of a positive 90-day finding, the Secretary is required to conduct a status review and issue a second finding – "the 12-month finding" – within 12-months of the receipt of the petition. The 12-month finding must conclude that: (a) the petitioned action is not warranted; (b) the petitioned action is warranted; or (c) the petitioned action is warranted but precluded by higher priority, pending proposals, and that expeditious progress is being made to list, delist, or reclassify the respective species. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14.

**B. Facts and Proceedings**

This case concerns the status of the Peirson's Milk-vetch (*Astragalus magdalenae* var. *personii*). In the United States, the Peirson's Milk-Vetch exists only in a narrow corridor of the Imperial Dunes of southeastern California. See 73 Fed.Reg. at 41,008. The Peirson's Milk-vetch was listed as threatened in 1998. See 63 Fed. Reg. 53,596-02 (Oct. 6, 1998).

In 2001, plaintiffs petitioned to remove the taxon from the threatened species list. After reviewing the petition, the Service announced a 90-day finding in the Federal Register which stated that the petition presented substantial information to indicate the petitioned action might be warranted. 68 Fed. Reg. 52,784 (Sept. 5, 2003). After completing a status review, however, the Service ascertained that the petitioned action was not warranted and issued a negative 12-month finding. See 61 Fed. Reg. 31523 (June 4, 2004).

In July 2005, plaintiffs updated their petition to delist the Peirson's Milk-vetch. The Service responded to the new petition in a 90-day finding in November 2005, stating that the petitioned action may be warranted. Id. The Service was unable to issue a 12-month finding on

the second delisting petition within 12-months of receipt of the petition. Therefore, Plaintiff's filed this action to compel the Service to issue the finding. The Service has since completed its status review, and again determined that the petitioned delisting was not warranted. See 73 Fed. Reg. at 41008.

## STANDARD OF REVIEW

Constitutionally, federal courts are of limited jurisdiction. Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a complaint for lack of subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir.1989). Limits on federal jurisdiction must be neither disregarded nor evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). After a party challenges subject matter jurisdiction, the non-moving party bears the burden to establish that subject matter jurisdiction exists. Kokkonen, 511 U.S. at 377. Once a claim has become moot, the Court lacks jurisdiction over the claim. See Feldman v. Bomar, 518 F.3d 637, 641 (9th Cir. 2008).

## ARGUMENT

### A. PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF ARE MOOT

The Plaintiffs' claims for declaratory and injunctive relief should be dismissed for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1) because the action prayed for has been effected, thereby rendering Plaintiffs' complaint moot. Plaintiffs second cause of action seeks an injunction compelling the Service to issue a 12-month finding on its petition. See Complaint, ¶¶ 48-51. That action has been completed.

It is settled law that federal courts must dismiss an action as moot if the relief that the plaintiff seeks has already been effected. See Sze v. Immigration and Naturalization Service, 153 F.3d 1005 (9th Cir. 1998) (dismissing as moot when agency took the action that the plaintiffs sought the court to compel). A case remains "live" only so long as the Court is empowered to grant effective relief for the alleged injury. Forest Guardians v. U.S. Forest Serv.,

329 F.3d 1089, 1094 (9th Cir. 2003). Because the Service has already issued the finding, Plaintiffs' claim for injunctive relief has been rendered moot and must be dismissed.

## II. PLAINTIFFS' REQUEST FOR DECLARATORY RELIEF IS ALSO MOOT

Under the law of the Ninth Circuit, a claim for declaratory relief may remain live, even after an accompanying claim for injunctive relief has been rendered moot. In the words of the Ninth Circuit:

> [A] case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties. The adverse effect ... must not be so remote and speculative that there is no tangible prejudice to the existing interests of the parties. The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.

Feldman v. Bomar, 518 F.3d at 641 (internal quotations and citations omitted). Here, the circumstances under which a declaratory judgment would remain a live controversy are not present here. Consequently, Plaintiffs' claim for a declaratory judgment (Count I) must also be dismissed as moot.

In their claim for declaratory relief, Plaintiffs seek an order "stating that defendants are in fact required to issue the required findings [under the ESA] within the statutory time-frames and that their failure to do so in this case is arbitrary and capricious . . . " Plaintiffs' Complaint, ¶ 47. Were it an open question that the Service is required to issue ESA petition findings timely, perhaps Plaintiffs would have some claim to declaratory relief under these circumstances. However, the issue of whether 12-month findings must be issued within 12 months, is not an open question in this Circuit. The Ninth Circuit definitively answered that question in Biodiversity Legal Foundation v. Babbitt, 309 F.3d 1166, 1176 (9th Cir. 2002). In that case, the Ninth Circuit held that 12 month findings must be issued within 12-month of receipt, and that there was no flexibility or discretion in meeting this deadline, in contrast to the flexible deadline of the 90-day finding. As a result of the Badgley decision, the issue of whether findings must be issued timely has evaporated or disappeared, and it is not an issue that exists independently of

the issue of whether the Service issued the Peirson's milk vetch finding in a timely manner. Were the Court to issue declaratory relief in this action, it would serve no other purpose than to repeat what the Ninth Circuit stated clearly in the Badgley decision.

Because the issuance of the 12-month finding on July 17, 2008 has resolved all claims in this action – injunctive and declaratory – this action is no longer a live controversy. The Court should therefore dismiss this action for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over this matter and should enter an dismissing all claims in this action as moot.

Dated: August 13, 2008

Respectfully submitted,

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Chief

*s/ Lisa Lynne Russell*
LISA L. RUSSELL, Assistant Chief
MO Bar No. 43895
RICKEY DOYLE TURNER, JR.
Trial Attorney
CO Bar No. 38353
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0388
Fax: (202) 305-0275
Email: lisa.russell@usdoj.gov

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I, Lisa Russell, hereby certify that on this 13th day of August 2008, I caused a true and correct copy of the foregoing Memorandum in Support of Motion to Dismiss to be served on the following by means of filing an electronic copy with the Court's electronic filing system:

DAVID P. HUBBARD
Gatzke, Dillon & Ballance, LLP
1525 Farady Avenue, Suite 150
Carslbad, CA 92008
760-431-9501 (phone)
760-431-9512 (fax)
dhubbard@gdandb.com

*s/ Lisa Lynne Russell*
Lisa Lynne Russell
lisa.russell@usdoj.gov